# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| CATHLEEN ZILNER,<br>31758 Lake Road<br>Avon Lake, Ohio 44012<br><br>    Plaintiff,<br><br>vs.<br><br>NEURONETICS, INC.<br>C/O CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219<br><br>    Defendants. | CASE NO.: 1:21-cv-01912<br><br>JUDGE: CHRISTOPHER A. BOYKO<br><br>AMENDED COMPLAINT<br>(*Jury Demand Endorsed Hereon*) |

Now comes Plaintiff, Cathleen Zilner, by and through counsel, and pursuant to Fed. R. Civ. Procedure 15(a)(1), and hereby amends her complaint against Defendant Neuronetics, Inc. and states as follows:

## THE PARTIES, JURISDICTION, AND VENUE

1. Plaintiff Cathleen Zilner is a citizen of the State of Ohio, residing in Lorain County. Ms. Zilner is a "person" and an "employee" as those terms are defined under O.R.C. §4112.01; 42 U.S.C §2000e (a) and (f) and 29 U.S.C. §630(a) and (f).

2. Defendant Neuronetics, Inc. ("Neuronetics") is a Delaware Corporation with its principal place of business in Malvern, Pennsylvania. Neuronetics sells products and capital equipment throughout Ohio, the United States and worldwide. Neuronetics is a "person" and an

"employer" as those terms are defined under O.R.C. 4112.01, 42 U.S.C. §2000e (a) and (b), and 29 U.S.C. §621 (a) and (b).

3. This Court has jurisdiction over Plaintiff's claims in this case pursuant to Title 28 U.S.C. §1331, as this matter involves a federal question, namely a claim under the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. (ADEA), gender discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. (Title VII), and gender plus a subcategory of gender pertaining to older women ("gender plus"). Additionally, this Court has jurisdiction pursuant to 28 U.S.C. §1332 as there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

4. Venue is proper in this judicial district pursuant to 28, U.S.C. §1391, as well as the local rules of this Court, given that a substantial part of the events and activity giving rise to Plaintiff's claim for relief occurred within this judicial district.

## FACTUAL ALLEGATIONS

5. Plaintiff is a female who is currently 49 years of age. At the time of the employment decisions relevant herein, Plaintiff was 49 years and 4 months old.

6. Plaintiff was hired effective June 25, 2018, as a Business Development Manager reporting to the Regional Business Development Manager.

7. From the date of her hire, Plaintiff was responsible for developing business opportunities and selling Neuronetics' NeuroStar device which is marketed as a non-invasive therapeutic alternative to treat patients who suffer from major depressive disorders. Neuronetics products are marketed and sold to psychiatrists and psychiatric clinics.

8. During Plaintiff's employment she was given sales quotas which in 2018 were prorated based upon her start date, and thereafter were established at the start of each calendar year.

9. In 2018, Plaintiff achieved her prorated quota.

10. During 2019, Plaintiff established herself as a "leader within the organization" and a "valuable member of the Neuronetics [sic] sales team."

11. In the middle of 2019, Plaintiff was recognized for her sales acumen by Ray Harrington, Neuronetics' Director of Sales at the time. Specifically, Mr. Harrington requested Plaintiff to prepare a document titled: "The Art of the One Call Close" to be disseminated to other Business Development Managers to improve their sales.

12. Separately, Tony Snow, the Regional Business Development Director for Neuronetics in 2019 recognized Plaintiff's contribution to the sales team, noting in mid-2019 that Plaintiff had "shared comprehensive strategies with her counterparts" and rated her as exceeding expectations in the area of teamwork.

13. For calendar year 2019, Plaintiff was named the Great Lake Region MVP, an award that is given to only one Business Development Manager in each region.

14. In 2020, Plaintiff continued to perform well. In May 2020, Dan Guthrie, the Chief Commercial Officer advised Plaintiff, after reviewing her sales funnel, that she was "killing it and [he was] so appreciative to have [her] on the team."

15. At year-end 2020, Plaintiff achieved 101.25% of her sales quota.

16. Plaintiff was never advised, at any time, that her performance was not meeting the expectations of the Defendant or that her employment was in jeopardy.

17. On January 4, 2021, Plaintiff was terminated from her employment. The purported reason offered for her termination was performance.

18. The purported reason for Plaintiff's termination was a pretext.

## COUNT I
### (Federal Age Discrimination)

19. The preceding allegations are incorporated by reference as if fully rewritten herein.

20. Plaintiff is, and at all times relevant herein, was over 40 years of age and is a member of a protected class by virtue of her age.

21. Neuronetics subjected Plaintiff to an adverse employment action, on the basis of her age.

22. Such adverse employment action included the termination of her employment as a Business Development Manager.

23. Plaintiff was qualified for her position as a Business Development Manager.

24. Plaintiff was treated differently from similarly situated, and substantially younger, Business Development Managers.

25. Plaintiff was replaced and/or her termination permitted the retention of a substantially younger Business Development Manager who is now performing the same or similar job responsibilities as Plaintiff.

26. Neuronetics purported legitimate, non-discriminatory reason for terminating Plaintiff was nothing more than a pretext for discrimination.

27. Neuronetics conduct violated the Age Discrimination in Employment Act (ADEA) 29 U.S.C. §621 et seq. prohibiting discrimination on the basis of age.

28. Neuronetics willfully, wantonly, recklessly, and maliciously violated Plaintiff's rights under the ADEA.

29. Neuronetics is liable to Plaintiff for backpay, front pay, attorney's fees, expert fees, costs, interest, and any equitable relief that this court deems appropriate, including reinstatement / re-employment.

30. Neuronetics is liable for liquidated damages as a result of its willful violation of the ADEA.

31. All necessary procedural, jurisdictional and/or administrative requirements have been met prior to bringing this claim in this court. Specifically, a charge of discrimination was filed on behalf of Plaintiff on May 10, 2021, and a right to sue letter was received on September 8, 2021.

**COUNT II**
**(State Age Discrimination)**

32. The preceding allegations are incorporated by reference as if fully rewritten herein.

33. Plaintiff is, and at all times relevant herein, was over 40 years of age and is a member of a protected class by virtue of her age.

34. Neuronetics subjected Plaintiff to an adverse employment action, on the basis of her age.

35. Such adverse employment action included the termination of her employment as a Business Development Manager.

36. Plaintiff was qualified for her position as a Business Development Manager.

37. Plaintiff was treated differently from similarly situated, and substantially younger, Business Development Managers.

38. Plaintiff was replaced and/or her termination permitted the retention of a substantially younger Business Development Manager who is now performing the same or similar job responsibilities as Plaintiff.

39. Neuronetics purported legitimate, non-discriminatory reason for terminating Plaintiff was nothing more than a pretext for discrimination.

40. Neuronetics conduct violated the O.R.C. §4112.02(N) and O.R.C. §4112.99 ("Ohio's Anti-Discrimination Act") prohibiting discrimination on the basis of age which was in effect at the time of the discriminatory conduct. Neuronetic's conduct further violated O.R.C. §4112.02(L) which, at the time this lawsuit was filed, also prohibited discrimination on the basis of age as the law which was in effect at the time of the discriminatory conduct. Plaintiff having received a right to sue from the Equal Employment Opportunity Commission may bring this suit pursuant to O.R.C. §4112.052(B)(2) which amended the procedure for filing an civil lawsuit under Chapter 4112 effective April 15, 2021. Plaintiff elects to bring a claim for age discrimination pursuant to O.R.C. §4112.052.

41. Neuronetics intentionally, maliciously and consciously disregarded the rights of the Plaintiff under the Ohio's Anti-Discrimination Act.

42. Neuronetics is liable to Plaintiff for past and future economic and non-economic compensatory damages, backpay, front pay, punitive damages, attorneys fees, expert fees, costs, interest, and any equitable relief that this court deems appropriate, including reinstatement/re-employment.

### COUNT III
### (Federal Gender Discrimination)

43. The preceding allegations are incorporated by reference as if fully rewritten herein.

44. Plaintiff is, and at all times was, a woman and therefore within a protected class.

45. Neuronetics subjected Plaintiff to an adverse employment action, at least in part, because of her gender.

46. Such adverse employment action included, but was not limited to, the termination of her employment.

47. Plaintiff was qualified for her position as a Business Development Manager.

48. Plaintiff was treated differently from similarly situated male Business Development Managers.

49. Plaintiff was replaced by, or her termination permitted, the retention of male Business Development Managers.

50. Neuronetics legitimate, nondiscriminatory reason for terminating Plaintiff was nothing more than a pretext for gender discrimination.

51. Neuronetics conduct violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000 et seq. (Title VII)

52. As a direct and proximate result of Neuronetics unlawful conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages for which Neuronetics is liable, including, but not limited to, pain and suffering, emotional distress, and the loss of past and future commissions, salary, wages, benefits, and other privileges and conditions of employment.

53. Neuronetics intentionally, willfully, wantonly, recklessly, and maliciously violated Plaintiff's rights under Title VII.

54. Neuronetics is liable to Plaintiff for past and future economic and non-economic compensatory damages, back pay, front pay, punitive damages, attorneys fees, expert fees, costs, interest, and any equitable relief that this court deems appropriate, including reinstatement /re-employment.

55. All necessary procedural, jurisdictional and/or administrative requirements have been met prior to bringing this claim in this court. Plaintiff filed a charge of discrimination asserting gender discrimination on May 10, 2021 and received a right to Sue letter from the EEOC on September 8, 2021.

**COUNT IV**
**(State Gender Discrimination)**

56. The preceding allegations are incorporated by reference as if fully rewritten herein.

57. Plaintiff is, and at all times was, a woman and therefore within a protected class.

58. Neuronetics subjected Plaintiff to an adverse employment action, at least in part, because of her gender.

59. Such adverse employment action included, but was not limited to, the termination of her employment.

60. Plaintiff was qualified for her position as a Business Development Manager.

61. Plaintiff was treated differently from similarly situated male Business Development Managers.

62. Plaintiff was replaced by, or her termination permitted, the retention of male Business Development Managers.

63. Neuronetics legitimate, nondiscriminatory reason for terminating Plaintiff was nothing more than a pretext for gender discrimination.

64. Neuronetics conduct violated O.R.C. §§4112.02 and 4112.99 (Ohio's Anti-Discrimination Act) which was the law in effect at the time of the discriminatory conduct. Further, Neuronetics conduct violated O.R.C. §4112.02 in effect the time this matter was filed and plaintiff is authorized to bring a civil action pursuant to O.R.C. 4112.052(B)(2) because she has received a right to sue letter from the Equal Employment Opportunity Commission.

65. As a direct and proximate result of Neuronetics unlawful conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages for which Neuronetics is liable, including, but not limited to, pain and suffering, emotional distress, and the loss of past and future commissions, salary, wages, benefits, and other privileges and conditions of employment.

66. Neuronetics intentionally, willfully, wantonly, recklessly, and maliciously violated Plaintiff's rights under Ohio's Anti-Discrimination Act.

67. Neuronetics is liable to Plaintiff for past and future economic and non-economic compensatory damages, back pay, front pay, punitive damages, attorneys fees, expert fees, costs, interest, and any equitable relief that this court deems appropriate, including reinstatement /re-employment.

## COUNT V
### (Federal Gender Plus)

68. The preceding allegations are incorporated by references of fully rewritten herein.

69. Plaintiff is, and at all times relevant herein, was a woman over the age of 40 and therefore protected on the basis of her gender plus the subcategory of age.

70. Neuronetics subjected the Plaintiff to adverse employment actions, at least in part, because of her gender as well as the subcategory of gender discrimination based upon her age.

71. Such adverse action included, but was not limited to, the termination of her employment.

72. Plaintiff was qualified for her position as a Business Development Manager.

73. Plaintiff was treated differently from similarly situated, males and substantially younger females.

74. Plaintiff was replaced by both younger males and younger females.

75. Neuronetics, nondiscriminatory reason for terminating Plaintiff was nothing more than a pretext for discrimination.

76. The termination of Plaintiff by Neuronetics violated Title VII in that it was the result of unlawful discrimination on the basis of gender and more specifically a subcategory of gender, i.e., women over the age of 40.

77. As a direct and proximate result of Neuronetics unlawful conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages for which Neuronetics is liable, including, but not limited to pain and suffering, emotional distress, and the loss of past and future commissions, salary, wages, benefits, and other privileges and conditions of employment.

78. Neuronetics, intentionally, willfully, wantonly, recklessly, and maliciously violated Plaintiff's rights under Title VII and the ADEA.

79. Neuronetics is liable to Plaintiff for past and future economic and non-economic compensatory damages, back pay, front pay, punitive damages, attorneys fees, expert fees, costs, interest, and any equitable relief that this court deems appropriate, including reinstatement/re-employment.

## COUNT VI
### (State Gender Plus)

80. The preceding allegations are incorporated by references of fully rewritten here in.

81. Plaintiff is, and at all times relevant herein, was a woman over the age of 40 and therefore protected on the basis of her gender as well as her age.

82. Neuronetics subjected the Plaintiff to adverse employment actions, at least in part, because of her gender as well as the subcategory of gender discrimination based upon her age.

83. Such adverse action included, but was not limited to, the termination of her employment.

84. Plaintiff was qualified for her position as a Business Development Manager.

85. Plaintiff was treated differently from similarly situated, males and substantially younger females.

86. Plaintiff was replaced by both younger males and younger females.

87. Neuronetics nondiscriminatory reason for terminating Plaintiff was nothing more than a pretext for discrimination.

88. The termination of Plaintiff by Neuronetics violated Title VII and the ADEA in that it was the result of unlawful discrimination on the basis of gender and more specifically a subcategory of gender, i.e., women over the age of 40.

89. As a direct and proximate result of Neuronetics unlawful conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages for which Neuronetics is liable, including, but not limited to pain and suffering, emotional distress, and the loss of past and future commissions, salary, wages, benefits, and other privileges and conditions of employment.

90. Neuronetics, intentionally, willfully, wantonly, recklessly, and maliciously violated Plaintiff's rights under Ohio's Anti-Discrimination Act.

91. Neuronetics is liable to Plaintiff for past and future economic and non-economic compensatory damages, back pay, front pay, punitive damages, attorneys fees, expert fees, costs, interest, and any equitable relief that this court deems appropriate, including reinstatement/re-employment.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, front pay, compensatory damages, punitive damages, liquidated damages, attorneys fees, interest, and costs of this action in an amount in excess of seventy-five thousand dollars ($75,000.00) as well as any other relief which this Court deems appropriate.

Respectfully Submitted,

*/s/Richard C. Haber*
Richard C. Haber (0046788)
HABER LLP
3201 Enterprise Parkway, Suite 220
Beachwood, Ohio 44122
Office: (216) 250-4782
Fax: (216) 250-4783
Email: rhaber@haberllp.com

*Attorney for Plaintiff*

**JURY DEMAND**

A trial by jury is hereby demanded.

/s/*Richard C. Haber*
Richard C. Haber (0046788)