**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CATHLEEN ZILNER,** | ) | **CASE NO.1:21CV1912** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| | ) | |
| **NEURONETICS, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | **ORDER ON MOTIONS IN LIMINE** |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on the Motions in Limine of both Plaintiff and Defendant. The Court addresses each in turn below.

**Motions in Limine**

"Motions in Limine are generally used to ensure evenhanded and expeditious management of trials by eliminating evidence that is clearly inadmissible for any purpose." *Indiana Insurance Co. v. General Electric Co.,* 326 F.Supp. 2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child and Family Serv.,* 115 F.3d 436, 440 (7th Cir.1997)). A "motion in limine, if granted, is a tentative, interlocutory, precautionary ruling by the trial court reflecting its anticipatory treatment of the evidentiary issue . . . the trial court is certainly at liberty '* * * to consider the admissibility of the disputed evidence in its actual context.'" *State v. Grubb,* 28 Ohio St.3d 199, 201-202 (1986) (citing *State v. White,* 6 Ohio App.3d 1, 4 (1982)). "Indeed, even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous in limine ruling." *Luce v. United States,* 469 U.S. 38, 41 (1984). The Sixth Circuit has instructed that the "better practice" is to address questions

regarding the admissibility of broad categories of evidence "as they arise." *Sperberg v. Goodyear Tire & Rubber Co.,* 519 R.2d 708, 712 (6th Cir. 1975). "[A] court is almost always better situated during the actual trial to assess the value and utility of evidence." *Owner-Operator Independent Drivers Ass'n v. Comerica Bank,* No. 05-CV-0056, 2011 WL 4625359, at *1 (S.D.Ohio Oct.3, 2011). It is noteworthy that denial of a motion in limine does not necessarily mean that the evidence, which is the subject of the motion, will be admissible at trial. *Ind. Ins. Co. v. Gen. Elec. Co.,* 326 F.Supp. 2d 844, 846 (N.D.Ohio 2004). Fed. R. Evid. 401 defines relevant evidence as evidence tending to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Moreover, Fed.R.Evid. 402 provides that evidence that "is not relevant is not admissible."

**Plaintiff's Motions in Limine**

**1) Exclude Evidence of Plaintiff's Prior Criminal Conviction (ECF # 26).**

Plaintiff's Arguments:

Twenty-one years ago Plaintiff was convicted of unlawfully selling drug samples. Her conviction was expunged more than ten years ago. Any evidence of this prior conviction is irrelevant to the claims in this action under Fed. R. Evid. ("FRE") 401 & 402 and would be highly prejudicial to Plaintiff under FRE 403. It is inadmissible character evidence under FRE 405 and further inadmissible under FRE 609 as the conviction more than ten years prior. Finally, the crime for which she was convicted does not involve any misrepresentation and therefore, is not probative evidence on her credibility.

**Defendant's Response:**

Defendant opposes the Motion to Exclude because Plaintiff will testify about her work performance including her awards and accolades, not only while employed by Neuronetics, but also at her prior places of employment. Because Plaintiff's conviction occurred as a result of her job duties and because she was terminated from her prior employment as a result of her conviction, Defendant contends it is appropriate impeachment material regarding her prior job performance. Moreover, regardless of the fact that it occurred more than ten years past, Defendant argues the court may find it admissible if its probative value outweighs any prejudice the evidence may present.

**Held:**

Motion in Limine to Exclude is granted subject to revisiting upon the evidence produced at trial. "Fed. R. Evid. 609(b) limits, for the purpose of impeachment, the admissibility of prior conviction evidence "more than 10 years old." Fed. R. Evid. 609(b). "Rule 609(b) creates, in effect, a rebuttable presumption that convictions over ten years old are more prejudicial than helpful and should be excluded." *United States v. Sims,* 588 F.2d 1145, 1150 (6th Cir.1978). "Particularly, after reviewing the legislative history of Rule 609(b), this Court has held that 'evidence of convictions more than ten years old should be admitted very rarely and only in exceptional circumstances.'" *United States v. Rodriguez*, 409 F. App'x 866, 869 (6th Cir. 2011) quoting *United States v. Sloman,* 909 F.2d 176, 181 (6th Cir.1990).

Here, Defendant has not overcome the presumption that evidence of Plaintiff's prior conviction is more prejudicial than probative. However, the Court may reconsider should Plaintiff offer testimony regarding her positive work performance, accolades or awards arising

from her employment ***prior to working for Defendant.***

**2) Exclude Testimony of Marco Battistoni (ECF# 34)**.

Plaintiff's Argument:

Battistoni has been employed by Defendant since 2008 and is the Regional Sales Director for the Central Region. He was never Plaintiff's supervisor and was not involved in the decision to terminate Plaintiff. Battistoni's Declaration is replete with hearsay statements and the Court should exclude the statements at paragraph 8 of his Declaration as hearsay. Battistoni declares: "My recollection is, that during the August 19, 2020 meeting, Mr. Davis expressed his concerns about Ms. Zilner's performance. Specifically, I recall Mr. Davis expressing concerns that Ms. Zilner's sales were not diversified as several of her sales that year were from the same customer. Mr. Davis also expressed concern that Ms. Zilner was not covering all her entire territory; specifically, she was focusing only on Ohio and not Michigan."

Because the above testimony is offered for the truth of the matter that Zilner's performance was the reason for her termination, Plaintiff contends it is hearsay and is admissible under FRE 602, 801 and 802.

In paragraphs 9 and 11 of his Declaration, Battisoni states that "based on discussions with colleagues" he believed Plaintiff "was not meeting her 2020 sales goals." He further believes Plaintiff was terminated solely for performance issues but this belief stems from a discussion with Davis and not from his own personal knowledge. According to Plaintiff, these statements are inadmissible hearsay.

In paragraph 12 of his Declaration, Battistoni asserts he does not believe Defendant terminated Plaintiff's employment for discriminatory reasons. At paragraph 14 Battistoni says

he has never heard anyone at Defendant's company make discriminatory statements not does he believe Defendant would tolerate any discriminatory comments. As such it is hearsay and simply unhelpful as it tells jury what conclusion to reach without any personal knowledge of the facts surrounding Plaintiff's termination.

Finally, Plaintiff argues Battistoni's Declaration at paragraphs 8, 9, 11,12 and 14 cannot be used to impeach Plaintiff as they are not based on personal information. Moreover, paragraphs 3,4,6,7,10,13 and 15 are all redundant as other witnesses will testify on these issues.

Defendant's Response:

Defendant has not listed Battistoni as a witness therefore, the Court should deny the Motion as moot.

Held:

Because Battistoni will not be testifying at trial, the Court denies the Plaintiff's Motion as moot.

**3) Motion to Exclude Defendant from Presenting Testimony of Undisclosed Witnesses Including Keith Sullivan. (ECF # 35).**

Plaintiff's Argument:

Plaintiff seeks to exclude Defendant from presenting the testimony of Keith Sullivan or any other witness that was not disclosed to Plaintiff in Defendant's Initial Disclosures or Discovery. Sullivan is the current CEO of Defendant. Federal Rule of Civil Procedure 37(c) prohibits Defendant from presenting witness testimony at trial that was not disclosed in discovery. Here, Plaintiff provided discovery requests asking the identity of any Defendant representative with pertinent knowledge of the facts for trial. Defendant disclosed several

individuals but never disclosed Sullivan. Therefore, under Rule 37 Sullivan's testimony must be excluded.

Defendant's Response:

As a result of Plaintiff's Motion, Defendant removed Sullivan from its witness list.

Held:

Because Defendant will not call Sullivan to testify at trial, Plaintiff's Motion is denied as moot.

**<u>Defendant's Motions in Limine</u>**

**1) Exclude Evidence Regarding Rick Grubbs (ECF # 40).**

Defendant's Arguments:

Rick Grubbs is the husband of Sara Grubbs, the latter being Defendant's Vice President of Sales and the employee responsible for terminating Plaintiff. Defendant seeks to exclude any evidence of testimony at trial concerning the recruitment and hiring of Rick as irrelevant as Rick was not hired until four months after Plaintiff's termination. Rick was hired for an entirely different position than Plaintiff's and has no personal information about Plaintiff's job performance or termination. Plaintiff may seek to offer testimony or evidence regarding Rick's purported lack of qualifications or that Defendant tried to hide or alter Rick's last name to avoid any association with Sara in the hiring process. However, this information has no bearing on the issues at trial and is irrelevant under FRE 401 and 402 and would be prejudicial under FRE 403.

Plaintiff's Response:

Plaintiff argues the motion is moot because Plaintiff did not ask her witnesses (specifically Stephen Davis) any questions regarding Rick Grubbs hiring nor did they ask about

the circumstances surrounding his name alteration.

However, depending on how evidence is presented at trial, Plaintiff reserves the right to raise this issues as Defendant has put into evidence cultural issues at Neuronetics including integrity, trust and honesty in their cross examination of Davis.

Held:

In light of Plaintiff's representation that it did not ask its witnesses any questions about Rick Grubbs, the Court denies Defendant's Motion as moot. However, the Court may revisit subject to the testimony at trial.

2) Exclude Certain Testimony of Jon Goodman, Stephen Davis, Cathleen Zilner and Others. (ECF # 41).

**Defendant's Arguments:**

Defendant asks the Court to exclude any testimony by Goodman or Davis that the decision to terminate Plaintiff was fair. They further seek to exclude any testimony from Goodman, Davis or Plaintiff on prior awards or accolades Plaintiff received from other employment or from Defendant under its former management. Goodman and Davis were not involved in the decision to terminate Plaintiff nor were they involved in developing the criteria used to evaluate Plaintiff's performance at the time she was terminated. Thus, there is no probative value to their testimony of her past successes as it is unrelated to the company's future viability. Moreover, Plaintiff's prior success is not indicative of future performance. Alternatively, Defendant is willing to stipulate to Goodman's and Davis' testimony on Plaintiff's past performance, rendering trial testimony unnecessary. Because Goodman and Davis were not decision makers in terminating Plaintiff, Defendant argues their testimony is irrelevant under

FRE 401 and 402.

When Sullivan became CEO of Defendant in 2020, he implemented a new sales strategy and Plaintiff was evaluated and the decision to terminate her was based on projections going forward. Thus, Plaintiff's prior performance was not the key determining factor, but instead her projected performance going forward was what ultimately led to her termination.

**Plaintiff's Response:**

Plaintiff opposes Defendant's Motion, contending the testimony of Goodman and Davis is crucial to the jury's determination of what was the actual reason for Plaintiff's termination. All along Defendant has argued that Plaintiff was terminated for poor performance and not for a discriminatory purpose. Now, Plaintiff contends Defendant seeks to eliminate key evidence supporting Plaintiff's claim she was a strong performer. Defendant previously argued Plaintiff was terminated for her work performance in 2019 and year-to-date performance in 2020. Yet, they seek to preclude the evidence of Davis and Goodman who supervised Plaintiff during large portions of those years.

Held:

Defendant's Motion is granted in part, and denied in part. Davis and Goodman, as supervisors of Plaintiff, have highly relevant testimony on Plaintiff's performance during the crucial years of 2019 and 2020. Since her performance is s key issue at trial, their testimony is relevant to Plaintiff's claims. The Court may revisit this issue should the parties agree to a stipulation on Davis' and Goodman's testimony. However, the Court agrees that Plaintiff's work performance prior to being employed with Defendant is not relevant to the issues presented in the case at bar and are excluded.

IT IS SO ORDERED.

/s/Christopher A.Boyko
CHRISTOPHER A. BOYKO
United States District Judge